# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD VENTO, LANA VENTO, GAIL C. VENTO, NICOLE M. MOLLISON and RENEE S. VENTO,**

      **Plaintiffs,**

**v.**                                                   **Case No:   6:14-cv-2024-Orl-31DAB**

**DUANE CRITHFIELD, KEITHLEY LAKE, ALLIANCE HOLDING CO., LTD, ALLIANCE ROYALTIES, INC., WESTMINSTER, HOPE & TURNBERRY, LLC, WESTMINSTER, HOPE & TURNBERRY, LTD, FIRST FIDELITY TRUST, LTD, FIDELITY INSURANCE CO., LTD, OFFSHORE TRUST SERVICES, LLC, CITADEL INSURANCE CO., LTD, ABC COMPANIES, STEVEN THAYER, AP HOLDINGS, LTD, FORTRESS FAMILY OFFICE GROUP, LLC, FOSTER & DUNHILL, LTD, WATERBERRY, LTD, AXA HOLDINGS CO., BPS INTERNATIONAL, LLC, NEW HOPE HOLDINGS, LTD, OFFSHORE TRUST SERVICES, LLC and STEPHEN P. DONALDSON,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**  Motion for judgment (Doc. No. 9)
>
> **FILED:**  August 29, 2014
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.
>
> **MOTION:**  Motion to confirm arbitration award (Doc. No. 9)
>
> **FILED:**  August 29, 2014
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

According to the confusing and disjointed documents of record, the instant proceeding appears to be one of many proceedings, in many jurisdictions, seeking confirmation of an arbitration award and enforcement of same. *See* Doc. 3-8. Indeed, it appears that Plaintiffs have been at least partially successful in this regard, as evidenced by the Decision and Order of the Hon. Carol Edmead, Supreme Court of New York County (Doc. 4-2), confirming the award. As Plaintiffs have not filed a Notice of Pendency of Related Actions, however, it is unknown whether Plaintiffs have obtained similar relief in any other related federal case. On this paltry showing, the Court is uncertain as to whether the relief sought is moot and Plaintiffs are actually attempting to register a foreign judgment for purposes of collection efforts in this district.

Moreover, to the extent the motion purports to seek entry of judgment against numerous Defendants, pursuant to Title 9 U.S.C. Section 9, that section provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. **Notice of the application shall be served upon the**

> **adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.**

9 U.S.C.A. § 9 (emphasis added).

There is no showing here as to the residency of each named Defendant, and, as such, no showing that the "service" here is adequate as to each Defendant.

More importantly, absent allegations regarding the *citizenship* of each party, the Court is uncertain as to the basis of its jurisdiction here. The Federal Arbitration Act "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Hall St. Assocs., LLC. v. Mattel, Inc.,* 552 U.S. 576, 581–82 (2008); *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996) ("Subject matter jurisdiction for cases filed pursuant to § 9 of the Act must be based upon either diversity of citizenship or the existence of a federal question and is not dependent upon the location in which the arbitration award was made."). Plaintiffs do not allege, let alone establish, any jurisdictional basis here. Federal courts are courts of limited jurisdiction. Absent a showing sufficient to invoke that jurisdiction, the Court cannot proceed.

It is therefore **respectfully recommended** that the motions be **denied, without prejudice** to renewal, if desired, upon a more detailed explanation as to precisely what relief is being sought, the status of all related matters, and a showing that the Court has subject matter jurisdiction over this matter and personal jurisdiction over all parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 9, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy