# United States District Court
## Middle District Of Florida
### Orlando Division

**RICHARD VENTO, LANA VENTO, GAIL C. VENTO, NICOLE M. MOLLISON and RENEE S. VENTO,**

      **Plaintiffs,**

**v.**                                                                                                     **Case No: 6:14-cv-2024-Orl-31DAB**

**DUANE CRITHFIELD, KEITHLEY LAKE, ALLIANCE HOLDING CO., LTD, ALLIANCE ROYALTIES, INC., WESTMINSTER, HOPE & TURNBERRY, LLC, WESTMINSTER, HOPE & TURNBERRY, LTD, FIRST FIDELITY TRUST, LTD, FIDELITY INSURANCE CO., LTD, OFFSHORE TRUST SERVICES, LLC, CITADEL INSURANCE CO., LTD, ABC COMPANIES, STEVEN THAYER, AP HOLDINGS, LTD, FORTRESS FAMILY OFFICE GROUP, LLC, FOSTER & DUNHILL, LTD, WATERBERRY, LTD, AXA HOLDINGS CO., BPS INTERNATIONAL, LLC, NEW HOPE HOLDINGS, LTD, OFFSHORE TRUST SERVICES, LLC and STEPHEN P. DONALDSON,**

      **Defendants.**

## Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | AMENDED AND RENEWED APPLICATION AND MOTION TO CONFIRM DOMESTIC ARBITRATION AWARDS (Doc. No. 20) |
|---|---|
| FILED: | January 27, 2015 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

According to the complicated papers of record to date, this appears to be an action by Plaintiffs against numerous individuals and foreign and domestic entities, seeking to confirm allegedly related arbitration awards. By prior Report, adopted by the District Court, the undersigned noted several deficiencies with the papers filed by Plaintiffs, and the prior petition for relief was denied, pending a more detailed explanation (Docs. 18, 30).

Subsequent to that Report, Plaintiffs have filed another confusing mass of papers, including the instant motion/application, a memorandum (Doc. 21), an appendix (Doc. 22), and numerous certificates of service. Service on a non-resident counsel has been contested by that counsel (Doc. 26), and one Defendant, Duane Crithfield, has filed a brief opposing the instant motion, on the grounds that the arbitration is the subject of an earlier filed lawsuit in the District Court of the Virgin Islands; the arbitration is not yet final and no judgment has been entered on the awards of the arbitrator; and a stay is in effect (Doc. 28). Without leave of Court, Plaintiffs have filed a "Response" to Defendant's opposition brief, which incorporates a "renewed" motion for confirmation and entry of judgment on the arbitration awards (Doc. 31).

The District Judge has referred these matters to the undersigned and, upon review, it is **respectfully recommended** that the motions be **denied, and the case be closed.**

In the prior Report, the Court observed that it was "uncertain as to whether the relief sought is moot and Plaintiffs are actually attempting to register a foreign judgment for purposes of collection efforts in this district." As such, Plaintiffs were to provide a "more detailed explanation as to precisely what relief is being sought," as well as a showing that the Court had jurisdiction over

the matter and the parties. It appears from the instant motions that Plaintiffs are seeking an Order confirming the arbitration awards, entry of judgment on the awards, and that the judgment be "ordered, enforced and executed." (Doc. 20, p. 1). However, as acknowledged by Plaintiffs and as stated in Crithfield's response, these matters are at issue in a case previously filed in the District Court of the Virgin Islands, and Plaintiffs have pending motions in that case seeking the same relief they seek here. *See Richard Vento, et al. v. Duane Crithfield, et al,* Case No. 3:09-cv-00174-CVG-RM (Doc. 426). As such, the instant motions and action are duplicitous and, to the extent the docket in the Virgin Islands case shows that the matter is currently stayed (Doc. 364), disingenuous.

The crux of Plaintiffs' position is, as the Arbitration Agreement provides that: "in the event there is an arbitration award against any party, the prevailing party shall be entitled to convert the award to a judgment and seek execution in any jurisdiction where the losing party's assets may be found," Plaintiffs are entitled to sue for confirmation of the award in as many jurisdictions as they desire. Such is not the case. The provision allows for *a* judgment; not several judgments. Plaintiffs' interpretation otherwise flies in the face of well-established principles of jurisprudence recognizing the enforceability and sanctity of a judgment (singular) entered by a court of competent jurisdiction. Once final judgment is rendered by such a court, absent reversal or modification on appeal, it is generally immune from collateral attack and is recognized and enforceable in other jurisdictions (upon appropriate registration). Plaintiffs are confusing issuance of a judgment with registration of and execution on a judgment.

Here, Plaintiffs have instituted suit in the Virgin Islands District Court, which Plaintiffs allege to be a court of competent jurisdiction over the parties' dispute. That court has accepted jurisdiction and, after much litigation to date, has issued a stay, pending final completion of the arbitration. While no final judgment has been entered yet in that court, Plaintiffs allege no basis for circumventing the stay, splitting their cause of action, and divesting the Virgin Islands District Court

of its long-established jurisdiction over this matter.[1] Even assuming an adequate showing of jurisdiction had been made here, "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982).

As Plaintiffs have failed to establish that this Court has jurisdiction over any cognizable cause of action not already at issue in a pre-existing action in a different district, it is **respectfully recommended** that the action here be **dismissed.**[2] Should the arbitration awards be confirmed in the other existing action, and a judgment be rendered, Plaintiffs may seek to register that judgment in this District, in the usual course.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] As Judge Hodges noted in *Robbins v. General Motors De Mexico, S. DE R.L. DE CV.*, 816 F.Supp.2d 1261, 1263-64 (M.D. Fla. 2011):

> Federal courts also recognize a prohibition against splitting of claims relating to the same transaction or occurrence. That doctrine "reflects that a district court, as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Zephyr Aviation III, L.L.C. v. Keytech Limited,* No. 8:07–CV–227–T–27TGW, 2008 WL 759095 at *6 (M.D.Fla. Mar. 20, 2008) (quoting *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000) (internal citations omitted)). "Courts borrow the test for claim preclusion and consider whether to bar the second suit if it involves 'the same parties or their privies' and 'arises out of the same transaction or series of transactions' as the first suit." *Id.* at *1, n. 4 (citing *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599 (5th Cir.1999)).

[2] In view of this finding, the Court need not address the additional deficiencies apparent in the filing, such as a failure to establish diversity jurisdiction.